Alvin Allen WRIGHT, Appellant,

v.

STATE of Missouri, Respondent.

No. 56350.

Supreme Court of Missouri, Division No. 2.

Feb. 22, 1972.

Joseph L. Flynn, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from the denial of appellant's motion to withdraw his plea of guilty to first degree burglary.

In his motion pursuant to Rule 27.26, V.A.M.R., appellant set forth thirteen grounds why he should be entitled to withdraw his plea. In its findings of fact and conclusions of law the trial court noted that several of the alleged grounds had been abandoned, and it found that the remaining ones had no merit. On this appeal appellant presents three points. All grounds in the motion not incorporated in his brief to this court are abandoned.

Appellant first asserts that the trial court erred in accepting his plea of guilty to first degree burglary because (a) at the time he entered his plea he stated facts which constituted second degree burglary, and (b) the court did not advise him that there were two degrees of burglary and did not advise him of the penalties for each.

The transcript prepared at the time appellant entered his plea of guilty was introduced in evidence at the hearing on the motion to withdraw the plea of guilty and it is before us. It shows that appellant appeared with his counsel, waived formal arraignment, acknowledged that he was charged with first degree burglary, and that he stated to the court that he wanted to enter a plea of guilty. After the court had questioned appellant and concluded that the plea was voluntarily entered, it then said to appellant: "* * * you plead guilty to breaking into the home of Dorothy Trail at 2006 South 18th Street on the 13th of May by breaking out her door, is that right?" Appellant answered, "yes, sir." The court then directed appellant to "tell me the whole story." Appellant stated that after he got off work he went to the house, and the door "was loose and I walked right in," and "I just opened the knob and pushed it in like that and it opened right up." The following then occurred:

Q. [The Court] You turned the knob and opened it right up?

A. Yes.

Q. You didn't have to do anything else?

A. No, that's all.

Appellant then related that after he got inside the house a woman turned on a light, he got scared, and he jumped on her and started hitting her. The court then apparently on its own initiative raised the question whether "opening a door which is just closed" constituted first degree burglary. The prosecuting attorney stated that the evidence at the preliminary hearing was to the effect that the door was locked and that by "jiggling a little bit" the door would open, and he further stated

that he had a report which showed that the door was closed and locked, and that it had been splintered when opened. The following then occurred:

Mr. Wright: I just opened the knob and went like that. [Apparently gesturing].

The Court: Well, what happened when you pushed?

Mr. Wright: I barely pushed it and it opened.

The Court: Did the lock splinter or any splinters fly or the lock come loose?

Mr. Wright: No, it came loose.

The Court: What came loose?

Mr. Wright: On the door there, it came loose.

The Court: Well, tell me what came loose on it?

Mr. Wright: The bolt.

The Court: It came loose from the doorjamb?

Mr. Wright: Yes.

The Court: When you pushed on it, it came loose?

Mr. Wright: Yes.

The Court: I see, and you are talking about a bolt lock?

Mr. Wright: Yes.

\* \* \* \* \* \*

The Court: And when you pushed it came loose from the door?

Mr. Wright: Yes.

The Court: The screws came out of the wood, is that it?

Mr. Wright: Yes.

Section 560.040, RSMo 1969, V.A.M.S., defines burglary in the first degree and it requires that there be a breaking into and entering of a dwelling house in which there shall be at the time a human being, by "forcibly bursting or breaking the wall or outer door, \* \* \* or the lock or bolt of such door \* \* \*."

█ It appears that not much pressure was required to force the lock on the door. Regardless of appellant's early statements to the effect that he merely opened the door and entered, he affirmatively stated, when more thoroughly questioned, that he applied sufficient pressure to cause the lock bolt to come loose by pulling the screws out of the wood. This was sufficient to establish first degree burglary, and it did not result in appellant's plea being equivocal.

There was no reason for the court to advise appellant concerning second degree burglary, with which he was not charged, any more than it was called upon to advise him concerning any other crime with which he was not charged. The questioning by the court clearly established that appellant admitted the commission of acts which constituted first degree burglary, the offense with which he was charged, and to which with advice of counsel he was entering a plea of guilty.

█ Appellant next asserts that he was denied due process when the police (at the police station, prior to his appearance in court) obtained a "waiver of his constitutional rights without his understanding the waiver he signed." Apparently reference is had to a document entitled "Your Rights." It first sets out the so-called Miranda warnings or statement of rights. Following this is a "waiver of rights" which was signed by appellant, and in which he acknowledged he had read the statement of rights, that he was willing to answer questions, and that he did not at that time want a lawyer.

We fail to see the relevancy of this contention. What occurred at the police station at the time of arrest could have no bearing on the validity of the plea of

guilty subsequently made in open court with advice of counsel. It is true that appellant made a written confession after he executed the waiver, but he does not now contend that he entered his guilty plea because of the confession. However, if he did so contend it would be of no merit. In Turley v. State, Mo., 439 S.W.2d 521, this court held: "* * * a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made." See also McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

 Appellant's last contention is that he was denied due process by reason of ineffective assistance of counsel in that his counsel "intimidated [him] into pleading guilty," and his counsel failed to advise him of the two degrees of burglary.

Appellant argues that his counsel should have been aware that he was prone to answer questions with a "yes" or "no" depending on the question. However, his counsel testified that his investigation caused him to believe that the State had a strong case against him, and that he was aware that the State could file other charges against him, some of them quite serious. Appellant's counsel testified that he advised him to plead guilty to first degree burglary because of the strong case against him, and because he was convinced that a plea to that charge would prevent the filing of additional charges. Appellant does not deny the factual basis for the conclusion and recommendation of his counsel. In these circumstances the recommendation that appellant plead guilty to the burglary charge did not amount to improper pressure or intimidation. The trial court found that appellant entered his plea of guilty as the result of a studied consideration of the alternatives, and that finding is not clearly erroneous.

Appellant's counsel testified that he explained to him the elements of the charge of first degree burglary. Therefore, appellant knew whether the acts admitted by him constituted that offense. For the same reason that the court was not required to explain to appellant the elements of an offense with which he was not charged, his attorney was not required to do so, and appellant was not denied effective assistance of counsel if his attorney did not.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and SMITH, Special Judge, concur.